## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 27 2020, 9:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa Diane Manning
Danville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M.R.,

*Appellant/Respondent,*

*v.*

State of Indiana,

*Appellee/Petitioner.*

July 27, 2020

Court of Appeals Case No.
20A-JV-696

Appeal from the Vermillion
Circuit Court

The Hon. Jill D. Wesch, Judge

Trial Court Cause No.
83C01-2002-JD-2

**Bradford, Chief Judge.**

# Case Summary

While riding on his school bus in February of 2020, then-eleven-year-old M.R. told the bus driver that he would throw wads of paper in the principal's face, blow up the school, and/or bring firearms to school. The State alleged that M.R. was a juvenile delinquent for committing what would be Level 6 felony intimidation if committed by an adult, and the juvenile court agreed. M.R. contends that the State produced insufficient evidence to sustain the juvenile court's delinquency adjudication. Because we disagree, we affirm.

# Facts and Procedural History

M.R. was born on February 23, 2008. On February 4, 2020, M.R. was sitting in the front seat of the school bus on his way home from Ernie Pyle Elementary School ("the School") in Vermillion County, with his brother and sister sitting one seat back. M.R. was throwing paper airplanes at his sister and, despite being asked to stop by his sister and the bus driver, did not stop. M.R. also began to wad up pieces of paper, which he placed next to him on the seat. The bus driver asked M.R.'s brother to report his behavior to their parents and indicated that if he did not, she would report it to the School's principal, Kimberly Kesler. M.R. responded, "I don't care about that principal. I will hit her in the face with this paper. I don't care about that school. I will blow up that school[.]" Tr. Vol. II p. 70; State's Ex. 1. M.R. also used the word "bomb[,]" but the rest of this particular statement was unclear. Tr. Vol. II p. 70; State's Ex. 1. M.R. continued, saying "[w]e have no dynamite. I [will] go get guns. I [will] shoot one. I will take one to school. I will take all of the

guns." Tr. Vol. II p. 70; State's Ex. 1. The transportation director reported M.R.'s statements to Kesler.

[3] The next day, Kesler reviewed surveillance footage from the bus and brought M.R. into her office to question him about his statements. M.R. admitted to having access to firearms at his grandmother's house and a ".410 at home." Tr. Vol. II p. 71. When Kesler questioned M.R. as to whether he knew what it meant to bomb something, M.R. responded that he did and that "[i]t means people die[.]" Tr. Vol. II p. 70. M.R.'s sister verified to Kesler that M.R. had made the statements on the bus.

[4] On February 6, 2020, the State filed a delinquency petition in which it alleged that M.R. had committed what would be Level 6 felony intimidation if committed by an adult. On February 14, 2020, the juvenile court adjudicated M.R. a delinquent. On March 3, 2020, the juvenile court ordered M.R. to serve a one-year commitment suspended to probation.

# Discussion and Decision

[5] When reviewing claims of insufficient evidence in a juvenile case, appellate courts apply the same standard of review as if it were an appeal of a criminal conviction. *K.W. v. State*, 984 N.E.2d 610, 612. (Ind. 2013). In reviewing a challenge to the sufficiency of the evidence, we do not reweigh the evidence or assess the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126. (Ind. 2005). "It is the fact-finder's role, not that of appellate courts to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Drane v. State*, 867 N.E.2d 144, 146. (Ind. 2007). We

look only to evidence in a light most favorable to the juvenile court's ruling and must affirm the conviction unless no reasonable fact-finder could find the elements proven beyond a reasonable doubt. *McHenry*, 820 N.E.2d at 126. The evidence need not overcome every reasonable hypothesis of innocence. *Craig v. State*, 730 N.E.2d 1262, 1266. (Ind. 2000).

[6] Indiana Code section 35-45-2-1 provides, in part, that a person who communicates a threat of a forcible felony with the intent of interfering with the occupancy of a building commits intimidation, a Level 6 felony. "Whether a statement is a threat is an objective question for the trier of fact." *E.B. v. State*, 89 N.E.3d 1087, 1091 (Ind. Ct. App. 2017) (citation omitted). Moreover, "[a] defendant's intent may be proven by circumstantial evidence alone, and knowledge and intent may be inferred from the facts and circumstances of each case." *Id.* (citation omitted).

[7] The record contains evidence that M.R. told his bus driver that he was going to hit Kesler in the face with wadded-up paper, blow up the School, and/or bring guns to the School. Kesler also testified that M.R. acknowledged that he had access to firearms and was aware that bombing the School could result in death. The juvenile court was free to interpret M.R.'s statements as objective threats. Additionally, the juvenile court was free to infer that M.R. intended—and knew or should have known—that his threats would be passed on to Kesler (who was, after all, included in his threats) and that Kesler would then cause occupancy of the School to be affected, possibly by closing it or instituting additional security measures. *See, e.g*, *B.B. v. State*, 141 N.E.3d 856, 862 (Ind.

Ct. App. 2020) (in case where B.B. communicated his plan to commit mass murder at a high school and showed his "manifesto" to a fellow student, concluding that "a reasonable fact finder could conclude that B.B. knew or should have known that R.A. would report a plan of mass murder to other students at the high school"). We conclude that the State produced sufficient evidence to sustain the juvenile court's finding that M.R. committed what would be Level 6 felony intimidation if committed by an adult.

[8] M.R. seems to argue that our decisions in *E.B.* and *B.B.* set some special standard for sufficiency of the evidence in cases where it is alleged that a person made a threat with the intent to interfere with the occupancy of a school, a standard that was not met here. Nothing in *E.B.* or *B.B.* purports to establish some sort of minimum standard based on the facts of those cases, and we decline the invitation to interpret them as doing so. While *E.B.* and *B.B.* stand for the proposition that the evidence was *sufficient* to prove intimidation in those cases, they do not stand for the proposition that it was *necessary*.

[9] We affirm the judgment of the juvenile court.

Najam, J., and Mathias, J., concur.